IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-76-FL

| ALDI INC., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| BRUNA MARACCINI; COLLEEN SAVORY; LIDL US, LLC; LIDL US OPERATIONS, LLC; and LIDL US MANAGEMENT, INC., | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's ex parte motion for order directing preservation of documents, software and things (DE 4) and ex parte motion for temporary restraining order ("TRO") (DE 5).[1] For the reasons set forth herein, the court grants in part plaintiff's motion for order directing preservation of documents, software and things, and grants in part plaintiff's motion for temporary restraining order.

**BACKGROUND**

Plaintiff filed its verified complaint March 1, 2019, asserting causes of action against defendants for violations of the Defend Trade Secrets Act, 18 U.S.C. §§ 1832, 1836; the North Carolina Trade Secrets Protection Act, N.C. Gen. Stat. § 66-152 et seq.; the Virginia Uniform Trade Secrets Act, Va. Code § 59.1-336 et seq.; breach of contract; tortious inference with contractual

---

[1] Also pending before the court are plaintiff's ex parte motion to expedite hearing (DE 6), and ex parte motion to expedite discovery (DE 7). These motions are not herein addressed by the court.

relations; breach of the duty of loyalty; unfair and deceptive trade practices, in violation of N.C. Gen. Stat. 75-1.1, et seq.; conversion; and unjust enrichment.

Plaintiff seeks damages from defendants, as well as injunctive relief requiring the return and removal of confidential information in defendants' possession, prohibiting defendants from using, possessing, or disclosing plaintiff's confidential information, prohibiting defendants Bruna Maraccini ("Maraccini") and Colleen Savory ("Savory") from working for defendants Lidl US, LLC, Lidl US Operations, LLC, and Lidl US Management, Inc. (collectively "Lidl") for one year, disgorging defendant Maraccini's compensation from defendant Lidl while she was receiving severance benefits from plaintiff, and requiring defendants to provide quarterly affidavits for a period of two years verifying compliance with obligations to plaintiff. Plaintiff also seeks reasonable attorney's fees and costs.

Plaintiff relies upon defendant Maraccini's executed severance agreement with plaintiff ("Severance Agreement" (DE 1-7)), defendant Maraccini's executed acknowledgment of the ALDI Code of Conduct ("Maraccini Acknowledgment" (DE 1-8)), defendant Savory's executed acknowledgment of the ALDI Code of Conduct ("Savory Acknowledgment" (DE 1-9)), the verification of Joshua Walsh ("Walsh Verification" (DE 1-10)), and the verification of Chris Daniels, plaintiff's Division Vice President ("Davis Verification" (DE 1-11)).

Plaintiff argues it is likely to succeed on the merits, the equities favor issuance of a TRO and preliminary injunction, and the public interest would not be disserved by an injunction.

**COURT'S DISCUSSION**

A temporary restraining order may only issue where "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the

2

movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). In addition, a temporary restraining order may only issue where "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). The substantive standard governing whether to grant a TRO is the same as that governing whether to enter a preliminary injunction. See U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). The movant must establish the following to obtain a temporary restraining order or a preliminary injunction: 1) that it is likely to succeed on the merits; 2) that it is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in its favor; and 4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council. Inc., 555 U.S. 7, 20 (2008). "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(b)(1)(C).

Plaintiff has carried its burden to demonstrate the propriety of a TRO. Plaintiff submits through its verified complaint and supporting sworn statements that defendants are misappropriating plaintiff's confidential information and trade secrets, damaging plaintiff's business by allowing a direct competitor to access such information and use it to formulate its own real estate development strategy. (See Compl. ¶¶ 78-122; Joshua Walsh Verification (DE 1-10) ¶¶ 2-14; Chris Daniels Verification (DE 1-11)). Such possession, use, and disclosure of plaintiff's confidential information and trade secrets imposes immediate and irreparable injury on plaintiff's competitive standing in the marketplace. The equities in this case and the public interest also favor issuance of the temporary restraining order for the limited purpose of protecting plaintiff from the unconsented to disclosure

3

of its proprietary information.

Plaintiff's counsel certified in writing his efforts to give notice, and demonstrated that no further notice should be required. (See Motion for Temporary Restraining Order (DE 5) at 6). Accordingly, plaintiff's motion for temporary restraining order (DE 5) is granted on the terms set forth below:

1. "Confidential Information and Trade Secrets" is defined as ALDI's strategic business plans, real estate strategy, its Strategic Growth Plan, its business information (such as sales, sales volume, sales methods and strategies, marketing methods and strategies, profit margins, consumer sales data (gathered and purchased), and data regarding each individual ALDI customer such as the amount spent per basket or kind of customers' purchases from ALDI, etc.) and its supply information (such as vendors, sources of supply, system documentation, pricing data, etc.) obtained by defendants Maraccini and Colleen Savory ("Savory") during and after the course of their employment with ALDI.

2. Defendants are hereby immediately enjoined and restrained, whether alone or in concert with any person or entity, from:

    a. Misappropriating, using, or disclosing to any person or entity ALDI's Confidential Information and Trade Secrets; and

    b. possessing any original, copies or summaries of ALDI's Confidential Information and Trade Secrets in any form, electronic or otherwise.[2]

---

[2] The court's temporary restraining order enjoining possession of Confidential Information and Trade Secrets does not relieve defendants of their obligation to preserve relevant materials for discovery.

3. If any defendant discovers in its or her respective possession any Confidential Information and Trade Secrets in a tangible form during the term of this order, then that defendant must immediately return the Confidential Information and Trade Secrets to plaintiff. Defense counsel of record may retain a copy of Confidential Information and Trade Secrets solely for purposes of providing a defense in this action.

4. This temporary restraining order shall continue in effect for 14 days, unless before this time the court, for good cause shown, shall extend it for a like period or the adverse parties consent to a longer extension.

## CONCLUSION

Plaintiff's motion for temporary restraining order (DE 5) is GRANTED as herein provided. By close of business on Monday, March 11, 2019, plaintiff shall post security of $5,000.00 with the Clerk of Court to indemnify defendants from any damage incurred by reason of this order.

Plaintiff's motion for order directing preservation of documents, software and things (DE 4) is GRANTED insofar as the parties are DIRECTED to preserve, for the purposes of discovery, all relevant information.

The court NOTICES this case for Rule 16 status conference by telephone on March 18, 2019, at 1:30 p.m. Counsel will receive information from the case manager with dial-in instructions for attending this conference.

Plaintiff is DIRECTED to serve on defendants a copy of this order in addition to summons and complaint, and to notice through affidavit lodged on the docket in advance of hearing that service has been accomplished including with respect to this order.

SO ORDERED, this the 5th day of March, 2019, at 4:30 p.m.

_____
LOUISE W. FLANAGAN
United States District Judge