IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:19-CV-76-FL

| | | |
|---|---|---|
| ALDI INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BRUNA MARACCINI; COLLEEN | ) | |
| SAVORY; LIDL US, LLC; LIDL US | ) | |
| OPERATIONS, LLC; and LIDL US | ) | |
| MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This case comes before the court on the motion (D.E. 59) by plaintiff ALDI Inc. ("ALDI") to compel defendant Bruna Maraccini ("Maraccini") to produce supplemental discovery responses. Maraccini filed a response in opposition to the motion. *See* D.E. 75. ALDI filed a supplemental emergency motion (D.E. 71), which narrowed the relief sought in its initial motion to compel. For the reasons and on the terms set forth below, the motions will be allowed in part and denied in part.

I. **BACKGROUND**

ALDI commenced this action asserting that its former employee, Maraccini, misappropriated ALDI's trade secrets in violation of a nondisclosure/confidentiality agreement when she accepted employment with one of ALDI's competitors, defendants Lidl US, LLC, Lidl US Operations, LLC, and Lidl US Management, LLC (collectively "Lidl"). *See generally* Compl (D.E. 1) 1-2. In addition, ALDI alleges that Maraccini retained ALDI's confidential, proprietary, and/or trade secret information notwithstanding an agreement to return such property to ALDI and

enlisted other ALDI employees to obtain ALDI's confidential information for Lidl's use and benefit. *Id.* at 2(b), (c).

In its complaint, ALDI asserts claims against Maraccini for Defend Trade Secrets Act violations (*id.* ¶¶ 111-22); North Carolina Trade Secrets Protection Act violations (*id.* ¶¶ 123-33); breach of contract (*id.* ¶¶ 145-55); North Carolina Unfair and Deceptive Trade Practices Act violations (*id.* ¶¶ 171-82); and conversion (*id.* ¶¶ 183-87).

On 5 March 2019, this court allowed ALDI's motion for preservation of documents, software, and things, and entered a temporary restraining order against Maraccini and the other defendants ("TRO") (D.E. 18). The TRO enjoined defendants from "[m]isappropriating, using, or disclosing to any person or entity ALDI's Confidential Information and Trade Secrets; and . . . possessing any original, copies or summaries of ALDI's Confidential Information and Trade Secrets in any form, electronic or otherwise." TRO 4 ¶ 2. The TRO was to remain in effect for 14 days (*id.* at 5 ¶ 4), but was extended in duration on 18 March 2019 until further order of the court (*see* D.E. 38 at 2).

The court entered a case management order ("CMO") (D.E. 46) on 2 April 2019. The CMO provides for expedited discovery on certain topics in advance of preliminary injunction proceedings. CMO § I.B. The CMO permitted each party to serve up to 15 requests for production of documents and up to 10 interrogatories by 5 April 2019, with responses to each being due within 14 days of service. *Id.* § I.C, D.

On 5 April 2019, ALDI served its Amended First Set of Interrogatories and Amended First set of Requests for Production of Documents on Maraccini. Disc. Reqs. (D.E. 59-1). Maraccini served responses to ALDI's discovery requests on 16 April 2019. Maraccini Disc. Resps. (D.E. 59-2). ALDI filed its initial motion to compel on 27 April 2019 seeking to compel Maraccini to

supplement her responses to three interrogatories and seven document requests. As indicated, Maraccini filed a response in opposition. In its supplemental emergency motion, filed 8 May 2019, ALDI has limited its request for relief to two interrogatories, nos. 8 and 9, and one document request, no. 1. At a telephone status conference on 8 May 2019 (*see* D.E. 76), the court confirmed that Maraccini was not going to respond separately to ALDI's emergency motion, but would rely on the arguments set forth in her response to the initial motion to compel.

## II. APPLICABLE LEGAL PRINCIPLES

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery on each other, including requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The district court has broad discretion in determining relevance for discovery purposes. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016); *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) ("[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010))); *Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-cv-00718-AW, 2012 WL 3127023, at *4 (D. Md. 26 Jul. 2012) ("In order to limit the scope of discovery, the

'party resisting discovery bears the burden of showing why [the discovery requests] should not be granted.'" (*quoting Clere v. GC Servs., L.P.*, No. 3:10-cv-00795, 2011 WL 2181176, at *2 (S.D. W. Va. 3 June 2011))).

Rule 33 governs interrogatories. Fed. R. Civ. P. 33. It requires that a party served with interrogatories answer each fully under oath to the extent that the party does not object to the interrogatory. *Id.*(b)(3). Objections not made timely are waived, subject to the court excusing the untimeliness for good cause. *Id.*(b)(4).

Rule 34 governs requests for production of documents. Fed. R. Civ. P. 34. A party asserting an objection to a particular request "must specify the part [to which it objects] and permit inspection of the rest." *Id.*(b)(2)(C).

When a party withholds information on the basis of privilege, including work-product protection, it must expressly assert the privilege objection in response to the particular discovery request involved. Fed. R. Civ. P. 26(b)(5)(A). In addition, the party must serve with its discovery responses a privilege log in conformance with Rule 26(b)(5)(A). *See id.*

Rule 37 allows for the filing of a motion to compel discovery responses. *See* Fed. R. Civ. P. 37(a)(3)(B). It requires that a motion to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.*(a)(1). Similarly, the court's local civil rules require that "[c]ounsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civ. R. 7.1(c), E.D.N.C.; *see Jones v. Broadwell*, No. 5:10-CT-3223-FL, 2013 WL 1909985, at *1 (E.D.N.C. 8 May 2013) (denying motion to compel that did not state that party complied with Rule 37(a) or Local Civil Rule 7.1(c)).

4

Rule 37 requires that the moving party be awarded expenses when a motion to compel discovery is granted except when the movant filed the motion without attempting in good faith beforehand to obtain the discovery without court intervention, the opposing party's opposition to the discovery was substantially justified, or other circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). If a motion to compel is denied, expenses must be awarded to the person opposing the motion except when the motion was substantially justified or other circumstances would make an award of expenses unjust. *Id.*(a)(5)(B). If a motion to compel is allowed in part and denied in part, the court may apportion the expenses for the motion. *Id.*(a)(5)(C).

## III. ANALYSIS

The court finds that ALDI has adequately demonstrated that it attempted to resolve the matters at issue without court intervention. *See* Mot. to Compel 1. It accordingly turns to an analysis of the three discovery requests that remain in dispute—interrogatories nos. 9 and 10, and request for production no. 1.

### A. Interrogatory No. 9

Interrogatory no. 9 asks Maraccini to "[d]escribe in detail all communications you have had with Lidl regarding ALDI's Business." Maraccini responded, "None." ALDI contends that this response is deficient and not credible in light of emails sent by Maraccini to a colleague at Lidl regarding ALDI's strategy and business. Maraccini stands by the response and suggests that if ALDI wants to question the credibility of her response, it can explore that in examination of her at her deposition.

The court agrees with Maraccini's analysis. If ALDI is aware of information demonstrating a lack of veracity in Maraccini's answer, it can attempt to discredit her with that

5

information at her deposition or in other proceedings, but it is not for the court in the context of discovery motions to resolve the credibility of Maraccini's interrogatory answer. Therefore, as to interrogatory no. 9, ALDI's motions are denied.

**B.     Interrogatory No. 10**

Interrogatory no. 10 asks Maraccini to "[i]dentify each and every individual at Lidl with whom you interviewed or who was involved in your hire at Lidl or with whom you have had any communications or discussions regarding your Agreement." Maraccini objected to the number of subparts in the interrogatory, but subject to and without waiving this objection, responded, "I told Anne Vogdt and Arnaud Meheust that I could not be a Director of Real Estate for Lidl for nine months following my separation from ALDI." ALDI challenges Maraccini's response on the grounds that she did not identify any individuals with whom she interviewed or were involved in her hiring. In her memorandum in response to ALDI's motion, Maraccini indicates that she interviewed with the two individuals named and that they were the two individuals she told about limitations on what she could do when hired.

The court agrees with ALDI that the response as written does not directly answer the interrogatory. It does not specify that the discussion Maraccini had with Anne Vogdt and Arnaud Meheust was in the context of her interview, or clarify that they were the only two individuals at Lidl with whom she interviewed or discussed her agreement with ALDI. Accordingly, Maraccini is directed to supplement her response to include those clarifications. To that extent, ALDI's motions are allowed. Maraccini shall serve on ALDI its supplemental answer to this interrogatory no later than 21 May 2019.

## C. Request for Production No. 1

Request for production no. 1 seeks "[a]ny and all documents, software and things relating to, or to which you referred or relied upon when answering Plaintiff's Amended First Set of Interrogatories directed to you." Maraccini objected on grounds that the request "is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and encompasses materials prepared in anticipation of litigation, attorney work product, and privileged attorney-client communications." Maraccini contends that she is unable to respond to this document request unless it is narrowed in scope.

The court agrees with ALDI that Maraccini's response contains insufficient boilerplate objections. *See Patrick v. Teays Valley Trustees, LLC*, 297 F.R.D. 248, 260 (N.D.W. Va. 2013) (allowing motion to compel further response to document production request seeking identification of documents relied on in answering an interrogatory where party only asserted boilerplate objections), *mag. judge ord. aff'd*, 298 F.R.D. 333 (2014). Maraccini will be directed to supplement her response to this production request and produce the documents requested, with the exception of the portions of any documents containing information protected from disclosure by a privilege or work-product doctrine, for which she shall provide a privilege log. *See DIRECTV, Inc. v. Knowles*, No. 7:03-CV-163-F, 2005 WL 8159565, at *3 (E.D.N.C. 21 Jan. 2005) (allowing motion to compel supplemental response to production request seeking an identification of "all documents relied on or reviewed in answering the foregoing interrogatories"); *Stultz v. Va. Dep't of Motor Vehicles*, No. CV 7:13CV00589, 2014 WL 12775011, at *1 (W.D. Va. 8 Oct. 2014) (ordering defendant to "respond to Request for Production of Documents (RPD) No. 4, which requests the documents that support the answer to this interrogatory"). *But see United Oil Co. v. Parts Assocs., Inc.*, 227 F.R.D. 404, 418 (D. Md. 2005) (denying motion to compel response to

document request seeking all documents relied upon in answering the interrogatories as overbroad).

ALDI's motions are accordingly allowed as to request for production no. 1 on the foregoing terms. Maraccini shall serve on ALDI no later than 21 May 2019 its supplemental answer to this production request, the responsive documents not duly protected from disclosure, and any required privilege log.

## IV. CONCLUSION

For the reasons stated and on the terms set forth above, IT IS ORDERED that ALDI's motion to compel (D.E. 59) and supplemental emergency motion (D.E. 71) are ALLOWED IN PART and DENIED IN PART. Because the court finds that the award of expenses would be unjust, each party shall bear its own expenses incurred on the motions. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii), (C).

SO ORDERED, this 14th day of May 2019.

James E. Gates
United States Magistrate Judge