IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:19-CV-76-FL

| | |
|---|---|
| ALDI INC., | )<br>) |
| Plaintiff, | )<br>) |
| v. | )     **ORDER**<br>) |
| BRUNA MARACCINI; COLLEEN SAVORY; LIDL US, LLC; LIDL US OPERATIONS, LLC; and LIDL US MANAGEMENT, LLC, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

This case comes before the court on the motion (D.E. 55) by plaintiff ALDI Inc. ("ALDI") to compel defendants Lidl US, LLC, Lidl US Operations, LLC, and Lidl US Management, LLC (collectively "Lidl") to produce supplemental discovery responses. Lidl filed a response in opposition to the motion. *See* D.E. 61. ALDI filed a supplemental emergency motion (D.E. 73), which narrowed the relief sought in its initial motion to compel. For the reasons and on the terms set forth below, the motions will be allowed in part and denied in part.

I. **BACKGROUND**

ALDI commenced this action asserting that its former employee, Bruna Maraccini ("Maraccini"), misappropriated ALDI's trade secrets in violation of a nondisclosure/confidentiality agreement when she accepted employment with one of ALDI's competitors, Lidl. *See generally* Compl (D.E. 1) 1-2. In addition, ALDI alleges that Maraccini retained ALDI's confidential, proprietary, and/or trade secret information notwithstanding an agreement to return such property to ALDI and enlisted other ALDI employees to obtain ALDI's confidential information for Lidl's use and benefit. *Id.* at 2(b), (c).

In its complaint, ALDI asserts claims against Lidl for: Defend Trade Secrets Act violations (*id.* ¶¶ 111-22); North Carolina Trade Secrets Protection Act violations (*id.* ¶¶ 123-33); Virginia Uniform Trade Secrets Act violations (*id.* ¶¶ 134-44); tortious interference with contractual relations (*id.* ¶¶ 156-62); North Carolina Unfair and Deceptive Trade Practices Act violations (*id.* ¶¶ 171-82); and conversion (*id.* ¶¶ 183-87).

On 5 March 2019, this court allowed ALDI's motion for preservation of documents, software, and things, and entered a temporary restraining order against defendants ("TRO") (D.E. 18). The TRO enjoined defendants from "[m]isappropriating, using, or disclosing to any person or entity ALDI's Confidential Information and Trade Secrets; and . . . possessing any original, copies or summaries of ALDI's Confidential Information and Trade Secrets in any form, electronic or otherwise." TRO 4 ¶ 2. The TRO was to remain in effect for 14 days (*id.* at 5 ¶ 4), but was extended in duration on 18 March 2019 until further order of the court (*see* D.E. 38 at 2).

The court entered a case management order ("CMO") (D.E. 46) on 2 April 2019. The CMO provides for expedited discovery on certain topics in advance of preliminary injunction proceedings. CMO § I.B. The CMO permitted each party to serve up to 15 requests for production of documents and up to 10 interrogatories by 5 April 2019, with responses to each being due within 14 days of service. *Id.* § I.C, D.

On 5 April 2019, ALDI served its Amended First Set of Interrogatories and Amended First set of Requests for Production of Documents on Lidl. Disc. Reqs. (D.E. 56-1). Lidl served responses to ALDI's discovery requests on 19 April 2019. Lidl Disc. Resps. (D.E. 56-2). ALDI filed its initial motion to compel on 26 April 2019 seeking to compel Lidl to supplement its responses to four document requests. As indicated, Lidl filed a response in opposition. In its supplemental emergency motion, filed 8 May 2019, ALDI has limited its request for relief to just

one document request, no. 2. At a telephone status conference on 8 May 2019 (*see* D.E. 76), the court confirmed that Lidl was not going to respond separately to ALDI's emergency motion, but would rely on the arguments set forth in its response to the initial motion to compel.

## II. APPLICABLE LEGAL PRINCIPLES

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery on each other, including requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The district court has broad discretion in determining relevance for discovery purposes. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016); *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) ("[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010))); *Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-cv-00718-AW, 2012 WL 3127023, at *4 (D. Md. 26 Jul. 2012) ("In order to limit the scope of discovery, the 'party resisting discovery bears the burden of showing why [the discovery requests] should not be granted.'" (*quoting Clere v. GC Servs., L.P.*, No. 3:10-cv-00795, 2011 WL 2181176, at *2 (S.D. W. Va. 3 June 2011))).

3

Rule 34 governs requests for production of documents. A party asserting an objection to a particular request "must specify the part [to which it objects] and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

When a party withholds information on the basis of privilege, including work-product protection, it must expressly assert the privilege objection in response to the particular discovery request involved. Fed. R. Civ. P. 26(b)(5)(A). In addition, the party must serve with its discovery responses a privilege log in conformance with Rule 26(b)(5)(A). *See id.*

Rule 37 allows for the filing of a motion to compel discovery responses. *See* Fed. R. Civ. P. 37(a)(3)(B). It requires that a motion to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.*(a)(1). Similarly, the court's local civil rules require that "[c]ounsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civ. R. 7.1(c), E.D.N.C.; *see Jones v. Broadwell*, No. 5:10-CT-3223-FL, 2013 WL 1909985, at *1 (E.D.N.C. 8 May 2013) (denying motion to compel that did not state that party complied with Rule 37(a) or Local Civil Rule 7.1(c)).

Rule 37 requires that the moving party be awarded expenses when a motion to compel discovery is granted except when the movant filed the motion without attempting in good faith beforehand to obtain the discovery without court intervention, the opposing party's opposition to the discovery was substantially justified, or other circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). If a motion to compel is denied, expenses must be awarded to the person opposing the motion except when the motion was substantially justified or other circumstances would make an award of expenses unjust. *Id.*(a)(5)(B). If a motion to compel is

4

allowed in part and denied in part, the court may apportion the expenses for the motion. *Id.*(a)(5)(C).

## III. ANALYSIS

The court finds that ALDI has adequately demonstrated that it attempted to resolve the matters at issue without court intervention. Mot. to Compel 1. It accordingly turns to an analysis of the one discovery request that remain in dispute—request for production no. 2.

Document Request No. 2 seeks, "[a]ll documents, software and things regarding, relating to or explaining Maraccini's Lidl employment, including her payroll records, expense reports, any agreements between Maraccini and Lidl, personnel file and any other documents related to her recruitment and hire." Prod Req. No. 2 (D.E. 56-1). Lidl responded to the request as follows:

> Lidl incorporates the foregoing General Objections as though fully set forth herein. In addition to such General Objections, Lidl specifically objects to this Request on the grounds that it is vague and ambiguous insofar as the terms "personnel records," "expense reports," "personnel file" and "documents related to . . . recruitment and hire" are undefined and capable of various meanings. Lidl further objects to this Request on the grounds that it is overly broad and -- taken with the remaining Requests -- exceeds the limits on discovery set by the Court's Order at ECF No. 46 insofar as this single Request includes no less than five discrete subparts. Lidl further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other protection afforded to Lidl by applicable law.
>
> Subject to and without waiving the foregoing, see documents produced herewith.

Prod. Req. Resp. No. 2 (D.E. 56-2).

The documents produced by Lidl totaled 15 pages. According to ALDI, one of the documents produced, Maraccini's offer letter from Lidl, indicates that Maraccini's offer of employment was contingent upon her acceptance of a confidentiality, non-competition, and non-solicitation agreement with Lidl. Despite this indication and a specific request from ALDI for a copy of such confidentiality, non-competition, and non-solicitation agreement, no such agreement

was included in Lidl's production. ALDI contends that the absence of this agreement from Lidl's production demonstrates that Lidl has not fully complied with this production request and moves to compel a supplemental response containing the confidentiality, non-competition, and non-solicitation agreement and any other responsive documents not previously produced.

In response, Lidl contends that nothing was omitted from its production and asserts that there are no more responsive documents it can produce. Of course, the court cannot compel Lidl to produce documents that are not within its custody, possession, or control. *See Mach. Sols., Inc. v. Doosan Infracore Am. Corp.*, 323 F.R.D. 522, 530 (D.S.C. 2018) (holding that court could not compel a party to provide information it does not possess).

Nonetheless, in light of the apparent reference in a document from Maraccini's personnel file to the existence of another seemingly responsive document that has not been produced to ALDI, Lidl shall, by 21 May 2019, (1) serve on ALDI a supplemental response to the production request stating—to the extent it remains Lidl's position—that after reasonable inquiry it has determined that no additional documents requested are within its possession, custody, or control, other than any documents (or portions thereof) duly withheld on the basis of privilege (including work-product protection) and (2) support the response with a declaration providing a detailed summary of the steps Lidl has taken to locate all responsive documents. In the event Lidl does locate additional responsive documents not subject to withholding on the basis of privilege, its supplemental response and declaration shall reflect that fact, and it shall produce such documents with its supplemental response. To the extent that Lidl is withholding any responsive documents on the grounds of privilege, it shall serve a privilege log for them with its supplemental response. To the extent any objections by Lidl to production request no. 2 are not otherwise addressed herein, they are overruled as meritless.

## IV. CONCLUSION

For the reasons stated and on the terms set forth above, IT IS ORDERED that ALDI's motion to compel (D.E. 55) and supplemental emergency motion (D.E. 73) are ALLOWED in part and DENIED in part. Because the court finds that the award of expenses would be unjust, each party shall bear its own expenses incurred on the motions. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii), (C).

SO ORDERED, this 14th day of May 2019.

_____
James E. Gates
United States Magistrate Judge