IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:19-CV-76-FL

| | | |
|---|---|---|
| ALDI INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BRUNA MARACCINI; COLLEEN | ) | |
| SAVORY; LIDL US, LLC; LIDL US | ) | |
| OPERATIONS, LLC; and LIDL US | ) | |
| MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This case comes before the court on the motion (D.E. 53) by defendant Bruna Maraccini

("Maraccini") to compel plaintiff ALDI Inc. ("ALDI") to produce supplemental discovery

responses. ALDI filed a response in opposition to the motion. *See* D.E. 65. At the court's

direction, *see* 15 May 2019 Text Order, the parties filed a joint notice (D.E. 80) regarding the status

of the motion to compel, which narrowed the relief sought. For the reasons and on the terms set

forth below, the motion will be allowed in part and denied in part.

## I.     BACKGROUND

ALDI commenced this action asserting that its former employee, Maraccini,

misappropriated ALDI's trade secrets in violation of a nondisclosure/confidentiality agreement

when she accepted employment with one of ALDI's competitors, defendants Lidl US, LLC, Lidl

US Operations, LLC, and Lidl US Management, LLC (collectively "Lidl"). *See generally* Compl.

(D.E. 1) 1-2. In addition, ALDI alleges that Maraccini retained ALDI's confidential, proprietary,

and/or trade secret information notwithstanding an agreement to return such property to ALDI and

enlisted other ALDI employees to obtain ALDI's confidential information for Lidl's use and benefit. *Id.* at 2(b), (c).

In its complaint, ALDI asserts the following claims: violation of the Defend Trade Secrets Act against all defendants (*id.* ¶¶ 111-22); violation of the North Carolina Trade Secrets Protection Act against Maraccini and Lidl (*id.* ¶¶ 123-33); violation of the Virginia Uniform Trade Secrets Act against Savory and Lidl (*id.* ¶¶ 134-44); breach of contract against Maraccini (*id.* ¶¶ 145-55); tortious interference with contractual relations against Lidl (*id.* ¶¶ 156-62); breach of the duty of loyalty against Savory (*id.* ¶¶ 163-70); violation of the North Carolina Unfair and Deceptive Trade Practices Act against all defendants (*id.* ¶¶ 171-82); and conversion against all defendants (*id.* ¶¶ 183-87).

On 5 March 2019, this court allowed ALDI's motion for preservation of documents, software, and things, and entered a temporary restraining order against defendants ("TRO") (D.E. 18). The TRO enjoined defendants from "[m]isappropriating, using, or disclosing to any person or entity ALDI's Confidential Information and Trade Secrets; and . . . possessing any original, copies or summaries of ALDI's Confidential Information and Trade Secrets in any form, electronic or otherwise." TRO 4 ¶ 2. The TRO was to remain in effect for 14 days (*id.* at 5 ¶ 4), but was extended in duration on 18 March 2019 until further order of the court (*see* D.E. 38 at 2).

The court entered a case management order ("CMO") (D.E. 46) on 2 April 2019. The CMO provides for expedited discovery on certain topics in advance of preliminary injunction proceedings. CMO § I.B. The CMO permitted each party to serve up to 15 requests for production of documents and up to 10 interrogatories by 5 April 2019, with responses to each being due within 14 days of service. *Id.* § I.C, D.

On 5 April 2019, Maraccini served on ALDI her First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission. Maraccini's Disc. Reqs. (D.E. 54-1). ALDI served responses to Maraccini's discovery requests on 19 April 2019. ALDI's Resps. to Disc. Reqs. (D.E. 54-2). Maraccini filed her motion to compel on 26 April 2019 seeking to compel ALDI to supplement its responses to one interrogatory and six requests for production of documents. As indicated, ALDI filed a response in opposition. In their joint notice, the parties advise the court that Maraccini has limited her request for relief to just one interrogatory, no. 8, and one related request for production of documents, no. 15.

## II. APPLICABLE LEGAL PRINCIPLES

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery on each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The district court has broad discretion in determining relevance for discovery purposes. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016); *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) ("[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268

3

F.R.D. 226, 243 (M.D.N.C. 2010))); *Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-cv-00718-AW, 2012 WL 3127023, at *4 (D. Md. 26 Jul. 2012) ("In order to limit the scope of discovery, the 'party resisting discovery bears the burden of showing why [the discovery requests] should not be granted.'" (*quoting Clere v. GC Servs., L.P.*, No. 3:10-cv-00795, 2011 WL 2181176, at *2 (S.D. W. Va. 3 June 2011))).

Rule 33 governs interrogatories. Fed. R. Civ. P. 33. It requires that a party served with interrogatories answer each fully under oath to the extent that the party does not object to the interrogatory. *Id.*(b)(3). Objections not made timely are waived, subject to the court excusing the untimeliness for good cause. *Id.*(b)(4).

Rule 34 governs requests for production of documents. A party asserting an objection to a particular request "must specify the part [to which it objects] and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

Rule 37 allows for the filing of a motion to compel discovery responses. *See* Fed. R. Civ. P. 37(a)(3)(B). It requires that a motion to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.*(a)(1). Similarly, the court's local civil rules require that "[c]ounsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civ. R. 7.1(c), E.D.N.C.; *see Jones v. Broadwell,* No. 5:10-CT-3223-FL, 2013 WL 1909985, at *1 (E.D.N.C. 8 May 2013) (denying motion to compel that did not state that party complied with Rule 37(a) or Local Civil Rule 7.1(c)).

Rule 37 requires that the moving party be awarded expenses when a motion to compel discovery is granted except when the movant filed the motion without attempting in good faith

4

beforehand to obtain the discovery without court intervention, the opposing party's opposition to the discovery was substantially justified, or other circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). If a motion to compel is denied, expenses must be awarded to the person opposing the motion except when the motion was substantially justified or other circumstances would make an award of expenses unjust. *Id.*(a)(5)(B). If a motion to compel is allowed in part and denied in part, the court may apportion the expenses for the motion. *Id.*(a)(5)(C).

## III. ANALYSIS

The court finds that Maraccini has adequately demonstrated that she attempted to resolve the matters at issue without court intervention. Mot. 1. It accordingly turns to an analysis of the two related discovery requests that remain in dispute.

### A. Interrogatory No. 8

Interrogatory no. 8 asks ALDI to "[i]dentify each ALDI vendor with whom Ms. Maraccini *did business* as Director of Real Estate at ALDI who had in effect, at the time of her doing business with them, a nondisclosure agreement relating to ALDI information." Interr. No. 8 (italics added). ALDI responded to the interrogatory as follows:

> ALDI objects to this Interrogatory as overly broad and unduly burdensome in that ALDI [sic] it asks ALDI to identify each and every vendor Ms. Maraccini did business [with] as a Director of Real Estate at ALDI at any time for any purpose and is not reasonably tailored to elicit discoverable information in the above-captioned lawsuit. ALDI further objects to this Interrogatory on the grounds that the responsive information is already in the possession and control of Ms. Maraccini.

> Subject to and without waiving these objections and the foregoing general objections, in addition to the common law and statutory duties ALDI's real estate agents and vendors have with respect to ALDI information, ALDI has also required vendors to execute a Mutual Confidentiality and Nondisclosure agreement, a form of which is produced herewith.

5

ALDI's Ans. to Interr. No. 8.

Maraccini argues that if ALDI had nondisclosure agreements in place with vendors who worked with Maraccini, including the vendor who prepared a real estate map that is at issue in this ligation, that fact is "directly relevant to whether such documents are confidential and/or are trade secrets." Maraccini's Mem. (D.E. 54) 4. More specifically, in the absence of a nondisclosure agreement with a vendor, ALDI's disclosure of information to the vendor could be characterized as undermining a claim by ALDI that such information is protectable in this litigation as confidential.

ALDI responds that the phrase "did business" as used in the interrogatory is so overbroad that the interrogatory would capture information far beyond that which is reasonable. In addition, ALDI notes that it has updated its discovery responses by producing a confidentiality agreement relating to a vendor of particular interest to Maraccini.

The court agrees that the phrase "did business" is overbroad. Most fundamentally, the relevance of the criterion that Maraccini have done business with a particular vendor for the vendor to be covered is not entirely clear. This criterion is broader than simply a requirement that a vendor had a relationship with ALDI during Maraccini's tenure as Director of Real Estate. The required involvement of Maraccini with the vendor could be directed toward identifying communications she had with vendors involving information ALDI claims is confidential. But its scope is much broader than that. It conceivably encompasses interactions ranging from a brief telephone conversation by Maraccini with a vendor involving no ALDI confidential information to an extended meeting by Maraccini with a vendor dealing comprehensively with confidential information.

Given the overbreadth of the interrogatory, it places a disproportionate and undue burden on ALDI. This is particularly true because it seems likely that many interactions by Maraccini with vendors would more readily be within her knowledge than ALDI's.

The interrogatory could be rewritten to more precisely target discoverable information and make it a proper one. It is not, though, the court's role to engage in such redrafting. The portion of Maraccini's motion seeking to compel a further response to interrogatory no. 8 is therefore denied.

### B.      Request for Production No. 15

Production request no. 15 seeks "[a]ll nondisclosure agreements with vendors identified in response to Interrogatory 8 above." Prod. Req. No. 15. In response, ALDI states that it "incorporates its answer and objections to Interrogatory 8 as if set forth in full herein." ALDI's Resp. to Prod. Req. No. 15.

Because ALDI need not respond further to interrogatory no. 8, it need not respond further to production request no. 15. Maraccini's motion to compel a further response to this request for production of documents is therefore denied.

### IV.      CONCLUSION

For the reasons stated set forth above, IT IS ORDERED that Maraccini's motion to compel (D.E. 53) is DENIED in its entirety. Because the court finds that the award of expenses would be unjust, each party shall bear its own expenses incurred on the motion. *See* Fed. R. Civ. P. 37(a)(5)(B).

SO ORDERED, this 13th day of June 2019.

James E. Gates
United States Magistrate Judge