IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:19-CV-76-FL

| | |
|---|---|
| ALDI INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| BRUNA MARACCINI; COLLEEN | ) |
| SAVORY; LIDL US, LLC; LIDL US | ) |
| OPERATIONS, LLC; and LIDL US | ) |
| MANAGEMENT, LLC, | ) |
| | ) |
| Defendants. | ) |

This case comes before the court on the motion (D.E. 51) by defendants Lidl US, LLC, Lidl US Operations, LLC, and Lidl US Management, LLC (collectively "Lidl") to compel plaintiff ALDI Inc. ("ALDI") to produce supplemental discovery responses or, in the alternative, to strike purportedly irrelevant information from plaintiff's verified complaint and motion for injunctive relief. ALDI filed a response in opposition to the motion. *See* D.E. 66. At the court's direction, *see* 15 May 2019 Text Order, the parties filed a joint notice (D.E. 79) regarding the status of the instant motion, which narrowed the relief sought. For the reasons and on the terms set forth below, the motion will be denied.

## I. BACKGROUND

ALDI commenced this action asserting that its former employee, Bruna Maraccini ("Maraccini"), misappropriated ALDI's trade secrets in violation of a nondisclosure/confidentiality agreement when she accepted employment with one of ALDI's competitors, Lidl. *See generally* Compl. (D.E. 1) 1-2. In addition, ALDI alleges that Maraccini retained ALDI's confidential, proprietary, and/or trade secret information notwithstanding an

agreement to return such property to ALDI and enlisted other ALDI employees to obtain ALDI's confidential information for Lidl's use and benefit. *Id.* at 2(b), (c).

In its complaint, ALDI asserts the following claims: violation of the Defend Trade Secrets Act against all defendants (*id.* ¶¶ 111-22); violation of the North Carolina Trade Secrets Protection Act against Maraccini and Lidl (*id.* ¶¶ 123-33); violation of the Virginia Uniform Trade Secrets Act against Savory and Lidl (*id.* ¶¶ 134-44); breach of contract against Maraccini (*id.* ¶¶ 145-55); tortious interference with contractual relations against Lidl (*id.* ¶¶ 156-62); breach of the duty of loyalty against Savory (*id.* ¶¶ 163-70); violation of the North Carolina Unfair and Deceptive Trade Practices Act against all defendants (*id.* ¶¶ 171-82); and conversion against all defendants (*id.* ¶¶ 183-87).

On 5 March 2019, this court allowed ALDI's motion for preservation of documents, software, and things, and entered a temporary restraining order against defendants ("TRO") (D.E. 18). The TRO enjoined defendants from "[m]isappropriating, using, or disclosing to any person or entity ALDI's Confidential Information and Trade Secrets; and . . . possessing any original, copies or summaries of ALDI's Confidential Information and Trade Secrets in any form, electronic or otherwise." TRO 4 ¶ 2. The TRO was to remain in effect for 14 days (*id.* at 5 ¶ 4), but was extended in duration on 18 March 2019 until further order of the court (*see* D.E. 38 at 2).

The court entered a case management order ("CMO") (D.E. 46) on 2 April 2019. The CMO provides for expedited discovery on certain topics in advance of preliminary injunction proceedings. CMO § I.B. The CMO permitted each party to serve up to 15 requests for production of documents and up to 10 interrogatories by 5 April 2019, with responses to each being due within 14 days of service. *Id.* § I.C, D. The CMO adopted the parties' proposed subjects for expedited discovery, as set forth in the parties' Rule 26(f) report. *See* CMO § I.B; Rule 26(f) Rep. ¶ 3(a)1.-

2

13. These subjects included "[t]he extent to which Lidl used any ALDI information," (Rule 26(f) Rep. ¶ 3(a)(2)); "[i]dentification by ALDI of information that it claims to be Confidential Information and Trade Secrets as defined in ALDI's Verified Complaint and the bases for such claims," (*id.* ¶ 3(a)(9)); "ALDI's means of protecting its alleged Confidential Information or Trade Secrets generally and with respect to Maraccini," (*id.* ¶ 3(a)(10)); and "ALDI's use and enforcement of restrictive covenants to protect its information," (*id.* ¶ 3(a)(12)).

On 5 April 2019, Lidl served its First Set of Interrogatories and Requests for Production of Documents on ALDI. Lidl's Disc. Reqs. (D.E. 51-1). ALDI served responses to Lidl's discovery requests on 19 April 2019. ALDI's Disc. Resps. (D.E. 51-2). Lidl filed the instant motion on 26 April 2019 seeking to compel ALDI to supplement its responses to two document production requests, nos. 5 and 6, and two interrogatories, nos. 1 and 7, or in the alternative, to strike certain information from ALDI's complaint and motion for injunctive relief. As indicated, ALDI filed a response in opposition. In their joint notice, the parties advise that the dispute over interrogatory no. 1 has been resolved, but that the dispute over the other discovery requests continues. The joint notice does not address the status of Lidl's request for alternative relief, and the court presumes that Lidl is still pursuing such relief in its motion.

## II. APPLICABLE LEGAL PRINCIPLES

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery on each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

3

expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The district court has broad discretion in determining relevance for discovery purposes. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016); *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) ("[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010))); *Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-cv-00718-AW, 2012 WL 3127023, at *4 (D. Md. 26 Jul. 2012) ("In order to limit the scope of discovery, the 'party resisting discovery bears the burden of showing why [the discovery requests] should not be granted.'" (*quoting Clere v. GC Servs., L.P.*, No. 3:10-cv-00795, 2011 WL 2181176, at *2 (S.D. W. Va. 3 June 2011))).

Rule 33 governs interrogatories. Fed. R. Civ. P. 33. It requires that a party served with interrogatories answer each fully under oath to the extent that the party does not object to the interrogatory. *Id.*(b)(3). Objections not made timely are waived, subject to the court excusing the untimeliness for good cause. *Id.*(b)(4).

Rule 34 governs requests for production of documents. A party asserting an objection to a particular request "must specify the part [to which it objects] and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

Rule 37 allows for the filing of a motion to compel discovery responses. *See* Fed. R. Civ. P. 37(a)(3)(B). It requires that a motion to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make

disclosure or discovery in an effort to obtain it without court action." *Id.*(a)(1). Similarly, the court's local civil rules require that "[c]ounsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civ. R. 7.1(c), E.D.N.C.; *see Jones v. Broadwell*, No. 5:10-CT-3223-FL, 2013 WL 1909985, at *1 (E.D.N.C. 8 May 2013) (denying motion to compel that did not state that party complied with Rule 37(a) or Local Civil Rule 7.1(c)).

Rule 37 requires that the moving party be awarded expenses when a motion to compel discovery is granted except when the movant filed the motion without attempting in good faith beforehand to obtain the discovery without court intervention, the opposing party's opposition to the discovery was substantially justified, or other circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). If a motion to compel is denied, expenses must be awarded to the person opposing the motion except when the motion was substantially justified or other circumstances would make an award of expenses unjust. *Id.*(a)(5)(B). If a motion to compel is allowed in part and denied in part, the court may apportion the expenses for the motion. *Id.*(a)(5)(C).

Rule 37 also provides for sanctions where a party does not obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A). This subsection provides that where a party fails to obey an order to provide or permit discovery, the court may, among other sanctions, strike pleadings in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(iii).

### III. ANALYSIS

The court finds that Lidl has adequately demonstrated that it attempted to resolve the matters at issue without court intervention. Mot. ¶ 24. It accordingly turns to an analysis of the discovery requests that remain in dispute.

5

## A. Interrogatory No. 1

Interrogatory no. 1 asks ALDI to "[d]escribe in detail what portion of the $5.3 billion dollar 'Strategic Growth Plan' referenced in Paragraph 5[1] of the Complaint has or will relate to the regions Maraccini was responsible for in her capacity as Director of Real Estate for ALDI, including but not limited to the total financial investment in such regions, the number and location of existing store remodels in such regions, and the number and location of new locations in such regions." Interr. No. 1. ALDI responded as follows: "ALDI objects to this Interrogatory as requesting confidential trade secret information that is not relevant to the disposition of the claims asserted in the above-captioned lawsuit. ALDI further objects to this Interrogatory on the grounds that it is being sought for an improper purpose, namely to use such information to unfairly compete with ALDI." ALDI's Ans. to Interr. No. 1.

ALDI argues that the critical questions in this case involve documents and information that Maraccini and Savory took from ALDI and any harm flowing from the related use of that particular information. It argues that by asserting that Maraccini and Savory used ALDI's confidential and proprietary information, including trade secrets, ALDI did not make all of its strategies and growth plans discoverable in this litigation. Similarly, ALDI notes that the TRO defined Confidential Information and Trade Secrets as follows:

> "Confidential Information and Trade Secrets" is defined as ALDI's strategic business plans, real estate strategy, its Strategic Growth Plan, its business information (such as sales, sales volume, sales methods and strategies, marketing methods and strategies, profit margins, consumer sales data (gathered and purchased), and data regarding each individual ALDI customer such as the amount spent per basket or kind of customers' purchases from ALDI, etc.) and its supply information (such as vendors, sources of supply, system documentation, pricing

---

[1] Paragraph 5 of the Complaint reads: "In that regard, ALDI invests billions of dollars per year on developing and implementing its real estate and operations strategies and plans. In fact in 2017, ALDI announced a five-year, $5.3 billion dollar plan to remodel its existing stores and open new ones in key strategic locations ("Strategic Growth Plan"). The locations of ALDI's planned stores are not publicly known, and ALDI does not disclose that information outside of those employees within ALDI who have a specific business need to know that information." Compl. ¶ 5.

6

data, etc.) **obtained by defendants Maraccini and Colleen Savory ("Savory") during and after the course of their employment with ALDI.**

TRO 4 ¶ 1 (emphasis added).

The court agrees with ALDI that the interrogatory as written seeks production of information beyond that which is reasonably contemplated by the CMO and TRO, and that is not proportional to the needs of the case. Detailed information concerning ALDI's growth plans for the entire region Maraccini was responsible for in her capacity as Director of Real Estate would seemingly encompass production of highly confidential and propriety information that is only tangentially related to the matters at issue in this lawsuit. While "Attorneys' Eyes Only" provisions, such as those in the protective order in this case (D.E. 50, *e.g.*, ¶¶ 4, 6), can serve as a mechanism to protect against undue dissemination of confidential and proprietary information, they do not negate the need for the requested information to be properly discoverable in the first place. Further, the burden of producing the requested information outweighs its likely benefit. Accordingly, the portion of Lidl's motion seeking to compel a further response to interrogatory no. 1 is denied.

### B. Production Request No. 5

Production request no. 5 seeks "[a]ll documents explaining, referring or relating to ALDI's real estate strategies and plans, growth and acquisition plans, market strategies and plans, project management strategies and plans and acquisition strategies and plans as of March 23, 2018." Prod. Req. No. 5. In response, ALDI states:

> ALDI objects to this Request as requesting confidential trade secret information that is not relevant to the disposition of the claims asserted in the above-captioned lawsuit. ALDI further objects to this Request on the grounds that it is being sought for an improper purpose, namely to use such information to unfairly compete with ALDI. Finally, ALDI objects to this Request to the extent such information is already in Lidl's possession via unlawful means.

7

ALDI's Resp. to Prod. Req. No. 5.

The court agrees with ALDI that this request as written seeks production beyond that which is reasonably contemplated by the CMO and TRO and that is not proportional to the needs of the case. The record before the court does not show how ALDI's strategies and plans as of 23 March 2018, with seemingly no limitation in scope, would be relevant to the claims and defenses in the case. Additionally, for reasons comparable to those set forth with respect to interrogatory no. 1, the burden on ALDI of producing the requested documents outweighs their likely benefit. Accordingly, the portion of Lidl's motion seeking to compel a further response to production request no. 5 is denied.

### C.    Production Request No. 6

Production request no. 6 seeks "[a]ll documents explaining, referring or relating to any changes to ALDI's real estate strategies and plans, growth and acquisition plans, market strategies and plans, project management strategies and plans, and acquisitions strategies and plans since March 23, 2018." Prod. Req. No. 6. ALDI responded as follows:

> ALDI objects to this Request as requesting confidential trade secret information that is not relevant to the disposition of the claims asserted in the above-captioned lawsuit. ALDI further objects to this Request on the grounds that it is being sought for an improper purpose, namely to use such information to unfairly compete with ALDI. Finally, ALDI objects to this Request to the extent such information is already in Lidl's possession via unlawful means.

ALDI's Resp. to Prod. Req. No. 6.

As with production request no. 5, the court agrees with ALDI that production request no. 6 as written seeks production beyond that which is reasonably contemplated by the CMO and TRO and that is not proportional to the needs of the case. It is unclear from the record how any changes to ALDI's strategies and plans since 23 March 2018, with seemingly no limitation in scope, would be relevant to the claims and defenses in the case. Additionally, as with the prior discovery

8

requests, the burden on ALDI of producing the requested documents outweighs their likely benefit. Accordingly, the portion of Lidl's motion seeking to compel a further response to production request no. 6 is denied.

### D. Alternative Request to Strike

Having determined that ALDI is not required to respond further to the discovery requests at issue, the court finds that Lidl's alternative request to strike is without merit. The alternative request is accordingly denied.

### IV. CONCLUSION

For the reasons stated set forth above, IT IS ORDERED that Lidl's motion to compel or, in the alternative, to strike (D.E. 51) is DENIED in its entirety. Because the court finds that the award of expenses would be unjust, each party shall bear its own expenses incurred on the motion. *See* Fed. R. Civ. P. 37(a)(5)(B).

SO ORDERED, this 13th day of June 2019.

James E. Gates
United States Magistrate Judge